# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:98-CR-221 CAS |
| ) | |
| DONALD DEAVAULT, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's letter to the Court dated April 29, 2011, which the Court construes as a Motion for Credit for Time Served. In the motion, defendant asks the Court to clarify whether a period of 13½ months he spent in state custody should be credited to the sentences imposed in this case and in United States v. Donald Deavault, 4:10-CR-131 HEA (E.D. Mo.). The government responds that the United States Bureau of Prisons has sole jurisdiction to determine credit for time served in state or federal custody, against any federal sentence, and states that defendant has not submitted any documentation in support of his motion. Defendant has not filed a reply memorandum and the time to do so expired on May 31, 2011. Defendant's motion will be denied without prejudice for the following reasons.

Pursuant to 18 U.S.C. § 3585(b), a defendant is entitled to credit toward the service of his term of imprisonment for any time he spent in official detention prior to the commencement of his sentence, with certain restrictions. The Court lacks jurisdiction to address defendant's motion to the extent it is brought under 18 U.S.C. § 3585, as questions concerning credit for time served pursuant to § 3585 are exclusively within the jurisdiction of the United States Bureau of Prisons.[1] The Attorney General of the United States, acting through the Bureau of Prisons, must make initial sentence credit decisions under 18 U.S.C. § 3585(b). See United States v. Wilson, 503 U.S. 329, 333-34 (1992); United States v. Iversen, 90 F.3d 1340, 1344-45 (8th Cir. 1996). The Bureau of

---

[1]The Court notes that in United States v. Donald Deavault, 4:10-CR-131 HEA (E.D. Mo.), Judge Autrey also construed defendant's letter as a motion for credit for time served, and denied it for lack of jurisdiction by Docket Text Order of May 10, 2011.

Prisons, not the district court, determines the credit for time served. United States v. Pardue, 363 F.3d 695, 699 (8th Cir. 2004).

A claim for time served must first be presented to the Bureau of Prisons. Pardue, 363 F.3d at 699. Administrative procedures exist within the Bureau of Prisons to review its alleged failure to credit the time Deavault has served. Id. A habeas action under 28 U.S.C. § 2241 is the proper way to challenge a failure to credit a defendant for time served in pretrial detention, but such an action can be brought only after administrative remedies have been exhausted by first presenting the claim to the Bureau of Prisons. United States v. Chappel, 208 F.3d 1069, 1069 (8th Cir. 2000). Further, any such action must be filed in the judicial district of incarceration against the inmate's custodian, not in the district of sentencing. See Matheny v. Morrison, 307 F.3d 709, 711-12 (8th Cir. 2002); Copley v. Keohane, 150 F.3d 827, 830 (8th Cir. 1998). The docket indicates that defendant is incarcerated in Forrest City, Arkansas.

Therefore, this Court lacks jurisdiction over defendant's motion to the extent it seeks credit for time served, and it should be denied without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's letter to the Court, construed as a motion seeking credit for time served under 18 U.S.C. § 3585, is **DENIED** without prejudice, for lack of jurisdiction. [Doc. 123]

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  13th  day of June, 2011.